# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-6167-DOC (SP) | Date | August 8, 2019 |
|---|---|---|---|
| Title | Michael R. Spengler v. Pomona Superior Court of L.A. County, et al. | | |

Present: The Honorable  Sheri Pym, United States Magistrate Judge

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:

None Present   None Present

**Proceedings:**   **(In Chambers) Order to Show Cause Why Petition Should Not be Dismissed**

On July 17, 2019, petitioner Michael R. Spengler, a California state pretrial detainee, filed a Petition for Writ of Error Coram Vobis or Coram Nobis ("Petition"). Petitioner seeks relief from a "homicide gun case" from 2013 or 2014, for which he is no longer in custody. Petitioner also states he seeks relief on the grounds of insanity, a coerced guilty plea, a third-party confession, and the lack of a search warrant. The court has reviewed the Petition and finds it suffers from the deficiencies discussed below. As such, the court now orders petitioner to show cause on or before September 5, 2019 why the case should not be dismissed.

First, as a state pretrial detainee, petitioner may not obtain relief in this federal court from the state court judgment against him by way of a coram vobis or coram nobis petition. Common law writs such as audita querela, coram nobis, and coram vobis "survive 'only to the extent that they fill "gaps" in the current systems of postconviction relief.'" *Carrington v. U.S.*, 503 F.3d 888, 890 (9th Cir. 2007) (citation omitted). "Coram nobis relief is not available in federal court to attack a state court conviction." *Casas-Castrillion v. Warden San Diego, Correctional Facility*, 265 Fed. Appx. 539 (9th Cir. 2008). A "[coram nobis] writ may be issued by a federal court only with respect to a federal criminal sentence." *Brandon v. Los Angeles County Superior Court*, 2015 WL 1541567, at *2 (C.D. Cal. Apr. 2, 2015) (citing *Yasui v. U.S.*, 772 F.2d 1496, 1498 (9th Cir. 1985)); *see also Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) ("We are unable to treat this [habeas] petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court."), *reversed on other grounds*, 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6167-DOC (SP) | Date | August 8, 2019 |
|---|---|---|---|
| Title | Michael R. Spengler v. Pomona Superior Court of L.A. County, et al. | | |

Here, the United States Code explicitly provides that state prisoners may seek relief from a state court judgment by filing a petition for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(a). Moreover, although federal courts retain the power to grant common law writs in certain circumstances to persons convicted in federal court, they lack jurisdiction to issue such writs with respect to state court criminal judgments. *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013); *see also Garner v. California*, 2012 WL 7059822, at *3 (C.D. Cal. Aug. 31, 2012) ("As the Petition challenges a California state court conviction and sentence, coram nobis relief is unavailable in this federal court."). Thus, if petitioner wishes to seek relief from his state court conviction in this federal court, he may only do so through a habeas petition filed under 28 U.S.C. § 2254. *See Brandon*, 2015 WL 1541567, at *2 (finding court had no power to grant coram nobis relief to petitioner's state conviction because his federal remedy was provided by 28 U.S.C. § 2254).

While the court may construe the Petition as a petition for a writ of habeas corpus, a petitioner may seek habeas relief under 28 U.S.C. § 2254 only if he is contending he is in custody in violation of the Constitution or laws or treaties of the United States. The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92.

Here, petitioner states he is no longer in custody since he took a deal, under which he served one year and six months at Wasco State Prison. Petitioner also states his parole related to this case "expired." Therefore, it appears construing the Petition as a § 2254 habeas petition would be futile. *See Siddiqi v. Supreme Court of California*, 2019 WL 1045130, at *2 (C.D. Cal. Mar. 4, 2019) (finding that if the court were to construe the coram nobis petition as a habeas petition, the petition would have to be dismissed because the petitioner had not shown he was in custody).

Lastly, the court notes it also cannot construe the Petition as a habeas petition because such a petition must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6167-DOC (SP) | Date | August 8, 2019 |
|---|---|---|---|
| Title | Michael R. Spengler v. Pomona Superior Court of L.A. County, et al. | | |

the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360. Given petitioner is no longer in custody for this conviction, it appears he cannot name the respondent who has custody of him. But again, it is precisely because he is no longer in custody on the conviction he seeks to challenge that he may not obtain relief under 28 U.S.C. § 2254.

Accordingly, petitioner is ORDERED TO SHOW CAUSE by September 5, 2019 why the Petition should not be dismissed.