| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL R. SPENGLER, | ) Case No. CV 19-6167-DOC (SP) |
|---|---|
| Petitioner, | ) |
| v. | ) MEMORANDUM AND ORDER ) SUMMARILY DISMISSING ) PETITION |
| POMONA SUPERIOR COURT OF L.A. COUNTY, et al., | ) |
| Respondents. | ) |

On July 17, 2019, petitioner Michael R. Spengler, a California state pretrial detainee, filed a Petition seeking a writ of error coram vobis or coram nobis ("Petition"). Petitioner seeks relief from a "homicide gun case" from 2013 or 2014, for which he is no longer in custody. Petitioner also states he seeks relief on the grounds of insanity, a coerced guilty plea, a third-party confession, and the lack of a search warrant.

On August 8, 2019, the Court issued an Order to Show Cause Why the Petition Should Not be Dismissed ("OSC"). Petitioner was ordered to show cause why the action should not be dismissed for lack of jurisdiction since he may not

1

obtain relief from a state court judgment in federal court by way of a coram vobis or coram nobis petition, and since habeas relief under 28 U.S.C. § 2254 is not available to persons like petitioner who are no longer in custody on the conviction to be challenged. On September 9, 2019, petitioner filed a Reply to the OSC, but failed to show cause why his case should not be dismissed. Instead, petitioner recognized that he is no longer in custody on the conviction he seeks to challenge and conceded that his Petition should be dismissed, although he requested the dismissal be without prejudice. The Court likewise concludes the Petition must be dismissed because the Court lacks jurisdiction over the Petition for the following reasons.

First, petitioner may not obtain relief in this federal court from the state court judgment against him by way of a coram vobis or coram nobis petition. Common law writs such as audita querela, coram nobis, and coram vobis "survive 'only to the extent that they fill "gaps" in the current systems of postconviction relief.'" *Carrington v. U.S.*, 503 F.3d 888, 890 (9th Cir. 2007) (citation omitted). "Coram nobis relief is not available in federal court to attack a state court conviction." *Casas-Castrillion v. Warden San Diego, Correctional Facility*, 265 Fed. Appx. 639 (9th Cir. 2008). A "[coram nobis] writ may be issued by a federal court only with respect to a federal criminal sentence." *Brandon v. Los Angeles County Superior Court*, 2015 WL 1541567, at *2 (C.D. Cal. Apr. 2, 2015) (citing *Yasui v. U.S.*, 772 F.2d 1496, 1498 (9th Cir. 1985)); *see also Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) ("We are unable to treat this [habeas] petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court."), *reversed on other grounds*, 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973).

The United States Code explicitly provides that state prisoners may seek

relief from a state court judgment by filing a petition for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(a). Although federal courts retain the power to grant common law writs in certain circumstances to persons convicted in federal court, they lack jurisdiction to issue such writs with respect to state court criminal judgments. *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013); *see also Garner v. California*, 2012 WL 7059822, at *3 (C.D. Cal. Aug. 31, 2012) ("As the Petition challenges a California state court conviction and sentence, coram nobis relief is unavailable in this federal court."). Thus, if petitioner wished to seek relief from his state court conviction in this federal court, he could only do so through a habeas petition filed under 28 U.S.C. § 2254. *See Brandon*, 2015 WL 1541567, at *2 (finding court had no power to grant coram nobis relief to petitioner's state conviction because his federal remedy was provided by 28 U.S.C. § 2254).

The time to obtain relief under § 2254 is not, however, without limit. Among other things, a petitioner may seek habeas relief under 28 U.S.C. § 2254 only if he is contending he is in custody in violation of the Constitution or laws or treaties of the United States. The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (noting that the "in custody" requirement is jurisdictional). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92.

Here, based on the Petition and his response to the OSC, petitioner does not dispute that he is no longer in custody on the conviction he seeks to challenge as is required to obtain habeas relief. *See* Reply at 3-4; Petition at 6. Petitioner states he is no longer in custody for the "homicide gun case" from which he seeks relief since he took a deal, under which he served one year and six months at Wasco

3

State Prison and his parole related to this case "expired." *Id.*; Reply at 3-4. Moreover, petitioner concedes his Petition should be dismissed because he is no longer in custody on the conviction he seeks to challenge. *See id.* at 4. Therefore, construing the Petition as a § 2254 habeas petition would be futile. *See Siddiqi v. Supreme Court of California*, 2019 WL 1045130, at *2 (C.D. Cal. Mar. 4, 2019) (finding that if the court were to construe the coram nobis petition as a habeas petition, the petition would have to be dismissed because the petitioner had not shown he was in custody).

In sum, this Court lacks jurisdiction to grant the instant Petition for a writ of coram vobis or coram nobis, and would lack jurisdiction were the Petition construed as one for habeas relief under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: November 22, 2019

/s/ David O. Carter
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Sheri Pym
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

4